IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAHESH PRADHAN and KAJIN YOO, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 4:12cv539 |
| | § | Judge Clark/Judge Mazzant |
| JP MORGAN CHASE BANK, NA., | § § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 7, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that defendant's Motion to Dismiss [Doc. #14] be granted [Doc. #18]. On December 27, 2012, plaintiffs filed objections [Doc. #23]. On January 11, 2013, defendant filed a response to plaintiffs' objections [Doc. #24].

Plaintiffs, appearing *pro se*, object by asserting that defendant needs to do the following: (1) approve their application "Making Home Affordable;" (2) compensate for waste of time and reimburse expenses due to the same application; (3) cure credit for defaulted payment to defendant; (4) compensate for loss of job at Waffle House due to default payment; and (5) pay off all legal fees and filing fees. Plaintiffs also assert that after defendant placed them in a forbearance plan agreement, defendant held all payments which were made on time and put them into default and that defendant denied their application.

Although plaintiffs are proceeding *pro se*, they still have an obligation to engage in this lawsuit, which includes responding to motions. In this case, plaintiffs did not file a response to the defendant's motion to dismiss. The Magistrate Judge assumed that plaintiffs were not opposed to the motion being granted after no response was filed pursuant to Local Rule CV-7(d). The Magistrate Judge also found that plaintiffs have no plausible claims against defendant.

Defendant asserts that "[i]n order for the Court to disturb this finding, Plaintiffs must file a written objection showing that the Recommendation is 'clearly erroneous or contrary to law,'" citing Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir. 1995); 28 U.S.C. § 636(b)(1)(A). Defendant cites the incorrect standard of review. The citations provided by defendant relate to the review of non-dispositive motions, such as a motion to compel. However, for a motion to dismiss, a dispositive motion, the court looks to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). In this case, plaintiffs filed timely objections, which requires the court to review *de novo* any part of the Magistrate Judge's report that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3).

However, although defendant cites the incorrect standard, the bank does assert that plaintiffs have not identified the specific issues for which review is being sought and, instead, plaintiffs list seven factual allegations included in the complaint. The court agrees that plaintiffs fail to assert anything that would be considered a proper objection. Plaintiffs fail to establish how any claim being asserted would be plausible.

Plaintiffs filed their "Original Petition and Request for Disclosure" in the 16th Judicial District Court, Denton County, Texas, on July 17, 2012. On August 24, 2012, defendant filed its Motion to Dismiss for Failure to State a Claim. The court then entered an order requiring plaintiffs to file an amended complaint no later than October 5, 2012, that provides more factual details

supporting their claims, and denying defendant's motion to dismiss as moot. On October 4, 2012, plaintiffs filed the amended complaint. The amended complaint did not include any additional factual allegations against defendant, as required by the court's order. Plaintiffs merely incorporate the allegations included in the first complaint into the amended complaint.

Plaintiffs fail to plead facts that would support a fraud or negligent misrepresentation claim. Fed. R. Civ. P. 9(b) requires fraud to be pleaded with specificity, which was not done in this case. Plaintiffs also fail to allege a single material misrepresentation.

Defendant asserts that plaintiffs' claim is barred by the economic loss doctrine. The economic loss rule generally precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract. *Academy of Skills & Knowledge, Inc. v. Charter Schools, USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App. – Tyler 2008, pet. denied) (citing *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991)). "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *UMLIC VP LLC v. T&M Sales and Envt'l Sys., Inc.*, 176 S.W.3d 595, 614 (Tex. App.-Corpus Christi 2005, pet. denied) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). The focus of the rule "is on determining whether the injury is to the subject of the contract itself." *Academy*, 260 S.W.3d at 541 (citing *Lamar Homes*, 242 S.W.3d at 12). The rule restricts contracting parties to contractual remedies for such economic losses, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence. *Id.* (citing *Lamar Homes*, 242 S.W.3d at 12-13). "If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach of contract only, regardless of how it is framed by the pleadings." *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex.

App. – Tyler 2003, pet. denied). Thus, in order for a tort duty to arise out of a contractual duty, i.e., negligent failure to perform a contract, the liability must arise independent of the fact that a contract exists between the parties; the defendant must breach a duty imposed by law rather than by the contract. *Janicek v. KIKK, Inc.*, 853 S.W.2d 780, 781-82 (Tex. App. – Houston [14th Dist.] 1993, writ denied) (citing *DeLanney*, 809 S.W.2d at 494).

"[W]hen a written contract exists, it is more difficult for a party to show reliance on subsequent oral representations." *Beal Bank, S.S.B. v. Schleider*, 124 S.W.3d 640, 651 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Generally, "negligent misrepresentation is a cause of action recognized in lieu of a breach of contract claim, not usually available where a contract was actually in force between the parties." *Airborne Freight Corp. Inc. v. C.R. Lee Enters., Inc.*, 847 S.W.2d 289, 295 (Tex. App.—El Paso 1992, writ denied); *see Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no. pet) (explaining that "there must be an independent injury, other than breach of contract, to support a negligent misrepresentation finding.").

The nature of the injury, not the nature of the damages, affects the applicability of the economic loss rule. *See DeLanney*, 809 S.W.2d at 494-95; *see also Lamar Homes*, 242 S.W.3d at 12. Therefore, the court examines plaintiffs' allegations to determine whether the injuries alleged are "to the subject of the contract itself." *Id*. After review of plaintiffs' allegations, the court must conclude that the injuries complained of by plaintiffs are "to the subject of the contract itself." *See Lamar Homes*, 242 S.W.3d at 12-13; *See also DeLanney*, 809 S.W.2d at 494-95. Plaintiffs fail to allege facts that would impose a duty upon defendant outside of the alleged contracts. Therefore, this claim would be barred by the economic loss doctrine and should be dismissed as not plausible. Section 27.01(a)(2) states that "Fraud in a transaction involving real estate or stock in a corporation

or joint stock company consists of a...false promise to do an act, when the false promise is (A) material; (B) made with the intention of not fulfilling it; (C) made to a person for the purpose of inducing that person to enter into a contract; and (D) relied on by that person in entering into that contract." Tex. Bus. & Com. Code Ann. § 27.01(a).

Defendant argues that section 27.01 of the Texas Business and Commerce Code applies only to a fraudulent misrepresentation made to induce another party to enter into a contract for the sale of land or stock. Tex. Bus. & Com. Code Ann. § 27.01(a); *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex. App.-Waco 2000, pet. denied) (citing *Greenway Bank & Trust of Houston v. Smith*, 679 S.W.2d 592, 596 (Tex. App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.)). Section 27.01 does not apply to loan transactions, even when they are secured by land. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008); *Burleson State Bank*, 27 S.W.3d at 611.

Texas courts have not interpreted Section 27.01 as broadly as plaintiffs would like this Court to. *See Grant-Brooks v. WMC Mortgage Corp.*, No. 3:02-cv-2455, 2003 WL 23119157, at *6 (N.D. Tex. Dec. 9, 2003). "An examination of section 27.01 shows that it is concerned with misrepresentation of material fact made to induce another to enter into a contract for the sale of land...," and is inapplicable when there is no contract or sale of land between the parties. *See Tex. Commerce Bank Regan v. Lebco Constr., Inc.*, 865 S.W.2d 68, 82 (Tex. App.-Corpus Christi 1993, writ denied) (quoting *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex. Civ. App. Austin 1979, writ ref'd n.r.e.)), overruled on other grounds by *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998); *see also Life Ins. Co. Of Va. v. Murray Inv. Co.*, 646 F.2d 224, 227 n.2 (5th Cir. 1981) (noting that section 27.01 "only reaches those transactions involving the actual or potential sale or purchase of real estate."). Section 27.01 does not apply to a party who merely

loaned money for the purchase of real estate. *Tex. Commerce Bank Regan*, 865 S.W.2d at 82 (citing *Greenway Bank & Trust v. Smith*, 679 S.W.2d 592, 596 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.)).

Based on the above authorities, it is clear that section 27.01 only applies to transactions involving the sale or transfer of real estate from one party to another, and not the act of loaning money, such as the agreement between a mortgagor and mortgagee. The court finds that because there was neither a contract for nor a sale of land or stock between the parties involved in this case, section 27.01 does not apply.

Defendant also asserts that plaintiffs are not consumers under the DTPA. To recover under the DTPA, plaintiffs must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. Tex. Bus. & Com. Code Ann. §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, No. H-05-1180, 2006 WL 2792196, at*7 (S.D. Tex. 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id.* (citing *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether plaintiffs are consumers, the court must look to the object of the transaction. Tex. Bus. & Com. Code Ann. § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984). In *La Sara Grain Company*, the Texas Supreme Court

6

held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase or lease of a good or service. *La Sara Grain Co.*, 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer, because the lending of money does not involve either the purchase or lease of a good or service. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980).

In the present case, it is undisputed that plaintiffs' claims arise out of a loan and do not involve the purchase or lease of either goods or services. Plaintiffs did not seek to purchase or lease any goods or services from defendant. Therefore, plaintiffs are not a "consumer" with respect to their home loan.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiffs [Doc. #23], as well as defendant's response [Doc. #24], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendant's Motion to Dismiss [Doc. #14] is **GRANTED,** and plaintiffs' case is **DISMISSED** with prejudice.

All relief not previously granted is hereby DENIED.

The Clerk is directed to CLOSE this civil action.

So **ORDERED** and **SIGNED** on February __18__, 2013.

*Ron Clark*
Ron Clark
United States District Judge